**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| DANIEL MARES PEREZ, | ) | NO. ED CV 11-1080-DSF(E) |
| Petitioner, | ) | |
| v. | ) | ORDER OF DISMISSAL |
| JOHN MARSHALL, Warden, | ) | |
| Respondent. | ) | |

On July 11, 2011, Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in State Custody." The Petition challenges the criminal judgment in Riverside Superior Court case number RIF 096186 (Petition at 2). Petitioner previously challenged this same judgment in a prior habeas corpus petition filed in this Court (Petition at 7). See Perez v. Lamarque, CV 03-702-NM(E). On January 26, 2004, this Court entered Judgment in Perez v. Lamarque, CV 03-702-DSF(E), denying and dismissing the prior petition on the merits with prejudice.

The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b). Section 2244(b) requires that a petitioner

seeking to file a "second or successive" habeas petition first obtain authorization from the court of appeals. See <u>Burton v. Stewart</u>, 549 U.S. 147, 157 (2007) (where the petitioner did not receive authorization from the Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); <u>Barapind v. Reno</u>, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"); <u>see also</u> Rule 9 of Rules Governing Section 2254 Cases in the United States District Courts. A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b). <u>See, e.g.</u>, <u>Thompson v. Calderon</u>, 151 F.3d 918, 920-21 (9th Cir.), <u>cert. denied</u>, 524 U.S. 965 (1998); <u>Calbert v. Marshall</u>, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008). Petitioner evidently has not yet obtained authorization from the Ninth Circuit Court of Appeals. Consequently, this Court cannot entertain the present Petition. <u>See</u> <u>Burton v. Stewart</u>, 549 U.S. at 157.[1]

///
///
///
///
///
///
///

---

[1] The present Petition represents at least the second time Petitioner has attempted to bring a "second or successive" petition. <u>See</u> <u>Perez v. Marshall</u>, ED CV 11-633-DSF(E).

2

For all of the foregoing reasons, the Petition is denied and dismissed without prejudice.[2]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: 7/14/11

/s/ Dale S. Fischer
_____
DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

PRESENTED this 13th day of
July, 2011, by:

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2] In view of this disposition, Petitioner's "Motion for Enlargement of Time," filed July 11, 2011, is denied as moot.

3